**SUNCOR STAINLESS, INC.,**
**a corporation, Plaintiff–**
**Appellant,**

v.

**STRUCTURAL HARDWARE AND**
**SUPPLY, INC.; Bruce Sullivan,**
**Defendants–Appellees.**

No. 04–15781.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Feb. 17, 2006.

Decided March 22, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Arthur B. Cook, Esq., Stephen J. Tomasulo, Esq., Hill, Farrer & Burrill LLP, Los Angeles, CA, for Plaintiff–Appellant.

Terrell S. Root, Esq., Law Offices of James M. Sullivan, Los Gatos, CA, for Defendants–Appellees.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM*

Suncor Stainless, Inc. (Suncor) appeals from the district court's judgment awarding it only nominal damages against Structural Hardware and Supply, Inc. (Structural), after holding Structural liable for intentional interference with contractual relations. The only issue on appeal is the amount of damages. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for recalculation of damages.

The magistrate judge held that Suncor could not prove damages by showing that its employees were forced to take time away from their normal responsibilities in order to respond to Structural's tortious conduct. We review "the issue of whether the district court applied the correct legal standard in computing damages ... de novo." *Ambassador Hotel Co. v. Wei–Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir. 1999).

We have previously held that lost employee time is a proper measure of compensatory damages. *See Convoy Co. v. Sperry Rand Corp.*, 672 F.2d 781 (9th Cir.1982). In *Convoy Co.*, we specifically rejected an argument virtually identical to the one Structrual currently advances, when we held "[t]he issue is not whether Convoy would have paid the supervisors' salaries if the defendant had not breached the contract, but whether the breach deprived Convoy of the services it paid for." *Id.* at 785. We further rejected counsel's argument that "as a matter of law supervisory staff costs cannot be recovered because the plaintiff would have paid the staff's salary in any event." *Id.*

Although *Convoy Co.* applied Oregon law, we conclude that California law also supports awarding damages for lost employee services. *See Geddes & Smith, Inc. v. St. Paul Mercury Indem. Co.*, 63 Cal.2d 602, 47 Cal.Rptr. 564, 407 P.2d 868 (1965) ("A major element of the [damages] consisted of the wages of the [salaried] carpenters and other men who actually worked on the houses"). When asked at

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

oral argument to cite the "closest case from California that supports" its position, Structural could not provide even one.

Furthermore, the general principles of California tort law strongly militate against awarding only nominal damages. *See Schroeder v. Auto Driveaway Co.*, 11 Cal.3d 908, 114 Cal.Rptr. 622, 523 P.2d 662, 670 (1974) ("[O]nce the cause and existence of damages have been so established, recovery will not be denied because the damages are difficult of ascertainment"); *Cassinos v. Union Oil Co. of Cal.*, 14 Cal.App.4th 1770, 18 Cal.Rptr.2d 574, 582 (1993) ("One whose wrongful conduct has rendered difficult the ascertainment of the damages cannot escape liability because the damages could not be measured with exactness"), *quoting Zinn v. Ex–Cell–O Corp.*, 24 Cal.2d 290, 149 P.2d 177, 181 (1944). The district court's approach clearly violates these principles.

Structural lastly argues that the district court's ruling was a factual finding that Suncor failed to prove losses. Not so. It is clear, and should have been clear to Structural, that the district court made a legal ruling when it held that "Suncor has not articulated a theory of damages that the law supports."

That legal ruling was erroneous. As such, we VACATE the district court's award of damages and REMAND for recalculation of damages in light of *Convoy Co.* and *Geddes & Smith, Inc.* Although Structural offers no support for its position on appeal, we will not exercise our inherent power to impose sanctions.

**VACATED AND REMANDED.**